UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**BORIS NICKOLAEVICH SKUDNOV**                                          **PLAINTIFF**

v.                                                                       CIVIL ACTION NO. 3:12CV-482-S

**CABINET FOR HEALTH AND FAMILY SERVICES** *et al.*                     **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Boris Nickolaevich Skudnov filed a *pro se* complaint. Because Plaintiff is proceeding *in forma pauperis*, this Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997). Upon review under § 1915(e), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "The screening must occur even before process is served [on defendants] or the individual has had an opportunity to amend the complaint." *McGore v. Wrigglesworth*, 114 F.3d at 608-09. For the reasons that follow, the complaint will be dismissed.

Plaintiff initiated this action by filing a motion for "hearing of my case & Federal Prosecution of 8 (Eight) forged Federal checks K-TAP Benefits & Full Compensation in accordance Federal Law & State Kentucky Laws." As Defendants, he names the Cabinet for Health and Family Services (CHFS) and its Office of the Secretary. Plaintiff contends that CHFS "fraudulently under paid" $10,732 to his family from 1996 though 2004. He further contends that in July 2007, he discovered that someone had forged and stolen eight of his K-TAP benefits checks from July 1999 through February 2000, a time period during which he believed he had been denied benefits. He claims that the "Commonwealth of Kentucky, Office of the

Secretary must be responsibility for CHFS of Bowling Green, Violations: Fraudulenly, conspiracy & forgered checks." Plaintiff broadly alleges constitutional violations and more specifically alleges violations of the Thirteenth Amendment to the U.S. Constitution and of the criminal laws regarding fraud and forgery. Plaintiff seeks a criminal investigation of the eight allegedly forged checks and prosecution of those responsible. He also seeks compensation for the eight forged checks and for the underpayment by CHFS.

### A. *Federal Claims*

With respect to Plaintiff's request for prosecution of Defendants and others responsible for the alleged fraud and forgery, the "[a]uthority to initiate a criminal complaint rests exclusively with state and federal prosecutors." *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986); *United States v. Nixon*, 418 U.S. 683, 693 (1974) ("[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."); *Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004) ("[A]s a private citizen, Williams has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts."). As "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another," *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973), Plaintiff's criminal claims will be dismissed.

The Court construes Plaintiff's federal constitutional claims as being brought pursuant to 42 U.S.C. § 1983. Section 1983 provides the exclusive remedy for constitutional claims brought against state and local officials and local units of government. *Thomas v. Shipka*, 818 F.2d 496, 499 (6th Cir. 1987), *vacated on other grounds*, 488 U.S. 1036 (1989). "[I]t is unnecessary and needlessly redundant to imply a cause of action arising directly under the Constitution where

Congress has already provided a statutory remedy of equal effectiveness through which the plaintiff could have vindicated her constitutional rights." *Id.* at 500.

In Kentucky § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. Ann. § 413.140(1). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). The statute of limitations accrues when the plaintiff knew or should have known of the injury that forms the basis of the claim alleged in the complaint. *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001). Plaintiff claims that he was underpaid by CHFS from 1996 through 2004. He further claims that in July 2007, he discovered that eight of his K-TAP checks from July 1999 through February 2000 had been forged and stolen. The Court will assume for purposes of initial review that the statute of limitations accrued no later than July 2007 and expired one year later in July 2008. Plaintiff did not file the instant action until August 2012, over four years after expiration of the limitations period. The § 1983 claims, therefore, are untimely.

Additionally, CHFS is an agency of the Commonwealth of Kentucky, created and organized by Kentucky statute. *See* Ky. Rev. Stat. § 211.015. A state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it. *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). The Commonwealth of Kentucky has not waived its immunity, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)).

3

Finally, Plaintiff has failed to state a claim upon which relief may be granted against CHFS's Office of the Secretary. He wholly fails to identify any wrongdoing by the Secretary, and the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Further, like CHFS, the Office of the Secretary is immune from suit under the Eleventh Amendment.

### B. State-law Claims

Under 28 U.S.C. § 1367, "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." § 1367(c)(3). Having dismissed all federal claims over which the Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction over any state-law claims Plaintiff may be attempting to assert. § 1367(c)(3); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

Date: April 4, 2013

                              **Charles R. Simpson III, Senior Judge**
                              **United States District Court**

cc:    Plaintiff, *pro se*
        Kentucky Attorney General
4411.005